*FRENCH BROS. DAIRY CO. v. JOHN GIACIN.

IMITATION OF AN ESTABLISHED COMMERCIAL NAME ENJOINED.

Where a family named French has carried on a dairy and milk business for a great number of years under their own name, and more recently have built up in connection therewith an extensive business in ice cream, injunction will lie against the use of the word "French" in connection with an ice cream business carried on by a competitor who is not a Frenchman and whose manifest purpose is to attract trade by creating a false impression as to his own identity.

[Syllabus approved by the court.]

**Albert Rettinger** and **Jacob Shroder,** for plaintiff.

**Scott Bonham,** for defendant:

Fraud must be clearly proved. *Hilson Co.* v. *Foster,* 80 Fed. Rep. 896.

Similarity of name not ground for injunction. *Babbitt* v. *Brown,* 68 Hun 515 [23 N. Y. Supp. 25]; *Goodyear's India Rubber Glove Mfg. Co.* v. *Rubber Co.* 128 U. S. 598 [9 Sup. Ct. Rep. 166; 32 L. Ed. 535]; *Lawrence Mfg. Co.* v. *Manufacturing Co.* 138 U. S. 537 [11 Sup. Ct. Rep. 396; 34 L. Ed. 997]; *Chance* v. *Gulden,* 165 Fed. Rep. 624; *Brill* v. *Manufacturing Co.* 41 Ohio St. 127 [52 Am. Rep. 74]; *Singer Mfg. Co.* v. *Manufacturing Co.* 163 U. S. 169 [16 Sup. Ct. Rep. 1002; 41 L. Ed. 118]; *Choynski* v. *Cohen,* 39 Cal. 501 [2 Am. Rep. 476]; *Eggers* v. *Hink,* 63 Cal. 445 [49 Am. Rep. 96]; *Ricker* v. *Railway,* 90 Me. 395 [38 Atl. Rep. 338]; *Amoskeag Mfg. Co.* v. *Spear,* 2 Sand. 599; *Booth* v. *Jarrett,* 52 How. Pr. 169; *American Washboard Co.* v. *Manufacturing Co.* 103 Fed. Rep. 281 [50 L. R. A. 609].

Evidence of purchasers not mislead not grounds for injunction. Hopkins, Trademarks 293; *Bickmore Gall Cure Co.* v. *Manufacturing Co.* 126 Fed. Rep. 573; *Kroppf* v. *Furst,* 94 Fed. Rep. 150.

Use of geographical name not ground for injunction. *Canal Co.* v. *Clark,* 80 U. S. (13 Wall.) 311 [20 L. Ed. 581].

Deception of public not ground for injunction. *American Washboard Co.* v. *Manufacturing Co.* 103 Fed. Rep. 281 [50 L. R. A. 609].

Confusion not ground for injunction. *Continental Ins. Co.* v. *Fire Association,* 96 Fed. Rep. 846.

*Affirming *French Bros. Dairy Co.* v. *Giacin,* 20 Dec. 000.

Hamilton County.

Laches of plaintiff grounds for refusing injunction. *La Republique Francaise* v. *Schultz*, 94 Fed. Rep. 500; *Woodmanse & Hewitt Mfg. Co.* v. *Williams*, 37 U. S. App. 109 [68 Fed. Rep. 489; 15 C. C. A. 520]; *Lane* v. *Locke*, 150 U. S. 193 [14 Sup. Ct. Rep. 78; 37 L. Ed. 1049]; *McLaughlin* v. *Railway*, 21 Fed. Rep. 574; *Drake Medicine Co.* v. *Glessner*, 68 Ohio St. 337 [67 N. E. Rep. 722].

**SWING, J.**

Plaintiff has been in the dairy business in this city for a great number of years. For more than ten years it has manufactured and sold ice cream in this city very extensively, having a main store in the heart of the city, with numerous branch stores located throughout the city. It has maintained wagons on the streets of the city delivering ice cream, on which are painted "French Bros. Ice Cream." This ice cream has been extensively known and has enjoyed and still enjoys a high reputation.

Recently the defendant commenced the manufacture and sale of ice cream in this city under the name and style of "French Ice Cream Co." This sign is in the windows of his main office on Vine street, and at his store on Walnut Hills he has the same sign, with the addition "Branch Store." The form in which the words are placed is as follows: French Ice Cream Co. Branch Store.

Plaintiff claims this is a fraud upon it and its customers.

The defendant says that he uses the name for the purpose of distinguishing it from the Vienna Ice Cream Co., with which company he formerly worked, and from other firms engaged in manufacturing ice cream in the city, and for the further reason that the word "French" is a geographical name and much employed in the business which produce things to eat, drink or wear, and further in manufacturing his ice cream he is using the French pot process. He further offered evidence to show there was known to ice cream makers and that numerous cook books contain recipes for making an ice cream called "French" ice cream, which ice cream contains from twenty to twenty-four eggs to each gallon of cream.

Defendant's evidence fully sustains his claim that he made his ice cream by the French ice cream pot process, which process differs from other processes in that it is made in an open vessel instead of a closed vessel. But the evidence does not sustain him to the effect that he made his ice cream after the formulas contained in the cook books, the difference being that instead of using twenty to twenty-four eggs to a gallon he used from six to ten.

Dairy Co. v. Giacin.

But the evidence clearly shows that while to some ice cream makers there is an ice cream known as "French" ice cream, it is not known to the general consuming public, and no evidence was offered which tended to show that in a single instance anyone had inquired for French ice cream, meaning thereby ice cream made after the formula called French ice cream.

The evidence clearly shows that the name assumed by the defendant was calculated to, and did, deceive the public in believing that the ice cream sold and offered for sale by him was the ice cream of the plaintiffs.

It seems equally plain that in using the name French, it was the purpose of the defendant to deceive the public. "French's" ice cream was favorably and universally known in this city, and defendant knew this. He was doing business under the name of the "French Ice Cream Co.". It was not a company, and his name was not French, and his sign did not convey to the public information that he was making ice cream under a formula designated in the cook books French ice cream, nor was such ice cream known to the public. Nor did his sign inform the public that the ice cream made by him was made by the French or open pot process. Nor can it be assumed under all the circumstances that the defendant was using the name as a name indicating in itself a superior article of ice cream. The main idea in the minds of the public in this city, with the use of the word French in reference to ice cream, is the ice cream made by the plaintiff, and it would not be reasonable to think that when used as defendant has done, that to the public it meant a geographical name, or its quality or the manner in which it was made.

If defendant for good reasons does not want to use his own name under which to sell his ice cream, he should choose some name other than that used by someone else who has been long established in the business, and which name is well and favorably known to the public. This can work no hardship on the defendant, but to hold otherwise may work a great injury to the plaintiffs. A decree will be entered restraining the defendant from using the word "French" in the manner used by him.

**Smith, J.,** concurs.

**Giffen, J.,** dissents.